ORIGINAL

ENT SEND (CLSD) JUN 13 2000

MILBERG WEISS BERSHAD
  HYNES & LERACH LLP
WILLIAM S. LERACH (68581)
KEITH F. PARK (54275)
EDWARD P. DIETRICH (176118)
THOMAS E. EGLER (189871)
600 West Broadway, Suite 1800
San Diego, CA 92101
Telephone: 619/231-1058

POMERANTZ HAUDEK BLOCK
  GROSSMAN & GROSS LLP
STANLEY M. GROSSMAN
MARC I. GROSS
PATRICK V. DAHLSTROM
100 Park Avenue, 26th Floor
New York, NY 10017-5516
Telephone: 212/661-1100

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| SHERLEIGH ASSOCIATES INC. PROFIT SHARING PLAN,<br><br>             Plaintiff,<br><br>  vs.<br><br>COHR, INC., et al.,<br><br>             Defendants. | No. 98-3028-JSL(BQRx)<br><br>CLASS ACTION<br><br>[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE<br><br>DATE: June 12, 2000<br>TIME: 1:00 p.m.<br>COURTROOM: The Honorable<br>                 J. Spencer Letts |

ENTERED CLERK'S<br>JUN 14 2000<br>CV

This matter came before the Court for hearing pursuant to the Order of this Court, dated April 19, 2000, on the application of the parties for approval of the settlement set forth in the Stipulation of Settlement dated as of May 5, 1999 (the "Stipulation"). Due and adequate notice of the settlement having been given to the Class as required in said Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. This Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Members of the Class.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court has certified a Settlement Class of all all Persons who purchased the common stock of COHR during the period beginning February 16, 1996 through and including June 29, 1998. Excluded from the Class are Defendants, members of the immediate families of the individual Defendants, any entity in which any Defendant has or had a controlling interest, directors and officers of COHR, and the legal representatives, heirs, successors, or assigns of any such excluded Person or entity.

4. With respect to the Settlement Class, this Court finds and concludes that: (a) the Members of the Class are so numerous that joinder of all Class Members in the class action is

impracticable; (b) there are questions of law and fact common to the Class which predominate over any individual question; (c) the claims of the Representative Plaintiffs are typical of the claims of the Class; (d) the Representative Plaintiffs and their counsel have fairly and adequately represented and protected the interests of the Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Members of the Class in individually controlling the prosecution of the separate actions, (ii) the extent and nature of any litigation concerning the controversy already commenced by Members of the Class, (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum, and (iv) the difficulties likely to be encountered in the management of the class action.

5. Pursuant to Federal Rule of Civil Procedure 23, this Court hereby approves the settlement set forth in the Stipulation and finds that said settlement is, in all respects, fair, just reasonable and adequate to the Settlement Class.

6. Except as to any individual claim of those Persons (identified in Exhibit 1 hereto) who have validly and timely requested exclusion from the Settlement Class, the class action and all claims contained therein, as well as all of the Released Claims are dismissed with prejudice as to the Representative Plaintiffs and the other members of the Settlement Class, and as against the Released Persons. The Parties are to bear their own costs, except as otherwise provided in the Stipulation.

7. The Court finds that the Stipulation and settlement contained therein are fair, just, reasonable, adequate and in good

faith as to each of the Settling Parties, and that the Stipulation and settlement are hereby finally approved in all respects, and the Settling Parties are hereby directed to perform its terms.

8. Upon the Effective Date hereof, the Representative Plaintiffs and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims against the Released Persons, whether or not such Settlement Class Member executes and delivers the Proof of Claim and Release.

9. All Settlement Class Members are hereby forever barred and enjoined from prosecuting the Released Claims against the Released Persons.

10. All claims against any Released Person sounding in contribution, indemnification or for reimbursement of any liability arising out of or concerning the Litigation or the claims asserted or that could have been asserted in the Litigation, by any person (other than a Defendant or his or its assign or subrogee) against any Released Person, are hereby forever barred, enjoined or discharged. Nothing herein or in the Stipulation shall be deemed to have effected a release by any Defendant or his or its assign or subrogee of any claim or right he or it may have against any other Released Person.

11. Upon the Effective Date hereto, each of the Released Persons shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged each and all of the Settlement Class Members and counsel to the Representative Plaintiffs from all claims (including

"Unknown Claims"), arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of the Litigation or the Released Claims.

12. The notice of the Settlement given to the Class was the best notice practicable under the circumstances, including the individual notice to all Members of the Class who could be identified through reasonable effort. Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process.

13. Any Plan of Allocation submitted by Plaintiffs' Settlement Counsel or any order entered regarding the attorneys' fees application shall in no way disturb or affect this Final Judgment and shall be considered separate from this Final Judgment.

14. Neither the Stipulation nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Defendants, or (ii) is or may deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. Defendants may file the Stipulation and/or the Judgment from this action in any other action that may be brought against them in

order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

15. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over (a) implementation of this settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, costs, interest and expenses in the Litigation; and (d) all parties hereto for the purpose of construing, enforcing and administering the Stipulation.

16. The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

17. In the event that the settlement does not become effective in accordance with the terms of the Stipulation or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

IT IS SO ORDERED.

DATED: 6/13/00

THE HONORABLE J. SPENCER LETTS
UNITED STATES DISTRICT JUDGE

N:\CASES\Cohr.set\DLM80927.e-b

# EXHIBIT 1

*AS OF JUNE 1, 2000 NO REQUESTS FOR*

*EXCLUSION HAD BEEN RECEIVED*

Exhibit 1                                                                 6